FILED

2011 Aug-12  PM 12:45
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| THERESA MURPHY,<br>Individually and<br>as Administratrix of the Estate<br>of SEAN MURPHY, and<br>GRACELYNN FAYE MURPHY<br>Dependent of<br>SEAN MURPHY, deceased, | ) ) ) ) ) ) ) ) |  |
|       Plaintiffs, | ) ) |  |
| v. | ) ) ) ) | CIVIL ACTION NO.:<br>2:11-cv-02754-RDP<br><br>JURY TRIAL DEMAND |
| McGRIFF TRANSPORTATION,<br>INC., an Alabama Corporation<br>doing business in Jefferson<br>County;<br>McGRIFF INDUSTRIES, INC.,<br>an Alabama Corporation doing<br>business in Jefferson County;<br>TIM FRAZIER, a citizen of Alabama,<br>individually and<br>as an employee of McGriff<br>Transportation, Inc., | ) ) ) ) ) ) ) ) ) ) ) ) |  |
|       Defendants. | ) |  |

## SECOND AMENDED COMPLAINT

Plaintiffs Theresa Murphy, Individually and as Administratrix of the Estate of Sean Murphy, and Gracelynn Murphy, as a Dependent of Sean Murphy, Deceased, hereby set forth their Complaint, separately and severally, as follows:

## I.   INTRODUCTION

1.     This diversity action is an action seeking damages for legal relief against the above  named Defendants and any other responsible parties.  This suit is brought by Kentucky citizens against Alabama corporations and companies and an Alabama individual.  This suit is authorized under Alabama procedural law and the substantive provisions of the Tennessee Wrongful Death Statute or, in the alternative, Alabama's Wrongful Death Statute and/or Alabama's co-employee statute.

## II.   STATEMENT OF JURISDICTION AND VENUE

2.     Jurisdiction is founded on diversity of citizenship and amount.  The Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332.  Plaintiff  Theresa Murphy, Individually and as Administratrix of the Estate of Sean Murphy, and Gracelynn Murphy, as a Dependent of Sean Murphy, are Kentucy citizens.  The Estate of Sean Murphy has opened in the State of Kentucky.  Defendant McGriff Transportation, Inc. and McGriff Industries, Inc. are Alabama corporations incorporated under the laws of the State of Alabama, each having its principal place of business in Alabama.  The  amount in controversy exceeds the sum or value of

$75,000.00, exclusive of interests and costs.  Plaintiffs have suffered damages, pain and suffering, emotional distress, loss of wages and lost benefits which exceed the sum or value of $75,000.00, exclusive of interests and costs.

3.      Venue is proper pursuant to 28 U.S.C. § 1391.

## III.   PARTIES.

4.      Plaintiffs Theresa Murphy, Individually and as Administratrix of the Estate of Sean Murphy, and Gracelynn Murphy, as Dependent of Sean Murphy, deceased, are, and were at all times relevant hereto, bona fide resident citizens of Kentucky.  Theresa Murphy is over the age of twenty-one (21) years.  Gracelynn Murphy is a minor under the age of nineteen (19) years and a dependent of the deceased, Sean Murphy.

5.      The Estate of Sean Murphy is an Estate opened in the State of Kentucky.  Theresa Murphy is the Administratrix of the Estate of Sean Murphy.

6.      McGriff Transportation, Inc. is an Alabama Corporation doing business throughout the State of Alabama, including Jefferson County.

7.      McGriff Industries, Inc. is an Alabama Corporation doing business throughout the State of Alabama, including Jefferson County.

8.      Tim Frazier is a citizen of Alabama and  was a supervisor and co-

3

employee of Sean Murphy while employed at McGriff Transportation, Inc. He was the Vice President of Safety and Maintenance at the time of Mr. Murphy's accident and was later the Vice President of Safety and Human Relations for HB Logistics, LLC.

9.     "Defendants" refers collectively to all Defendants named in this Complaint unless otherwise specified.  Defendants are referred to collectively as "Defendant" or "Defendants".  All counts are against all Defendants unless set out otherwise in the Complaint.

10.     This action is brought pursuant to the procedural law of Alabama and the substantive provisions of the Tennessee Wrongful Death Statute, or, in the alternative, pursuant to Ala. Code 1975 § 25-5-11, et seq. and Alabama's Wrongful Death Statute along with the other asserted state law claims, including outrage/intentional infliction of emotional distress.

## IV.     FACTS

11.     Sean Murphy was an employee of McGriff Transportation, Inc. as a commercial truck driver.  Defendants McGriff Transportation, Inc. and McGriff Industries, Inc. are common carriers doing interstate business in interstate commerce and Murphy was an employee of Defendants under the supervision of Tim Frazier.

12.     On or about August 5, 2009, Sean Murphy was working for McGriff as

4

a truck driver when the brakes on the commercial tractor and trailer he was driving failed.

13.     Murphy was driving the truck and a trailer which were owned, operated and maintained by McGriff Transportation, Inc.  He was carrying a load of cotton when the brakes, braking components, braking system and brake electrical system failed causing the truck to leave the roadway and roll off the side of a mountain near Chattanooga, Tennessee.

14.     Upon information and belief, Murphy was carrying this load of cotton for McGriff and was heading towards a weigh and service station near Chattanooga, Tennessee at the time of his accident.

15.     As a direct and proximate result of the negligent, willful and wanton failure to maintain the brakes and as a result of the brakes failing, Murphy was caused to suffer physical injuries, including his death on August 5, 2009.

16.     Brake testing completed the day after the accident confirmed that the left and right brake chambers on the fourth (4th) and fifth (5th) axle were inoperative or defective.  The accident report from the State of Tennessee Highway Patrol confirmed the brakes were not damaged as a result of the accident and that the brakes were non-operational.

17.     Murphy left a wife, Theresa Murphy, and minor dependent, Gracelynn

Murphy, upon his death.

18.    His wife and daughter are no longer able to receive the care and support Murphy provided to them as a husband and father.

19.    Upon information and belief, Defendants and its employees did not properly maintain the brakes, braking components, braking system and brake electrical system.

20.    Upon information and belief, Defendants and its employees failed to warn Murphy of the dangers posed by the brakes, braking components, braking system and brake electrical system.

21.    After the accident, on or about June 16, 2010, McGriff Transportation, Inc. and McGriff Industries, Inc. and its employees filed a Complaint for Declaratory Judgment against The Estate of Sean Murphy in the Circuit Court of Cullman County.

22.    The intent of the Declaratory Judgment filed by  McGriff was to deny workers compensation benefits to the Estate of Sean Murphy based on allegations that Sean Murphy had substantially deviated from his assigned delivery route and was therefore was not in the line and scope of his employment when he was in the accident.

23.    Defendant McGriff has made itself a third party be declaring that Murphy was outside the line and scope of his employment.

6

24.     McGriff was acting as a self-insured company when making its determination regarding whether to pay benefits to Plaintiffs.

25.     McGriff had no reasonable basis to deny worker's compensation benefits to the Estate of Sean Murphy and the purpose and intent of the denial of benefits was to deny the Plaintiffs benefits they were entitled to under law.

V.     **COUNT ONE: (Negligent, Willful and Wanton Acts)**

26.     Plaintiffs adopt and reallege previous paragraphs, as if each said paragraph were set forth, in its entirety, verbatim.

27.     Plaintiffs further  allege that Defendants McGriff Transportation, Inc., McGriff Industries, Inc. and Tim Frazier ("Defendants"), negligently, wilfully and/or wantonly failed to exercise reasonable care in maintaining the truck and trailer brakes at issue causing the accident which caused Murphy's death.

28.     Defendants negligently, wilfully and wantonly failed to maintain the brakes and  any component part thereof and/or failed to properly attend to the equipment used or available for use therewith (hereinafter "braking systems") to be reasonably safe for the use and purpose for which it was intended; and negligently, wilfully and/or wantonly failed to warn and instruct or inadequately failed to warn or instruct the ultimate user of the unreasonable condition of the brakes of the potential

danger to the human body; that the said brakes malfunctioned and were inoperable, thereby resulting in Plaintiff's injuries and death.

29.     Plaintiffs allege that McGriff Transportation, Inc., McGriff Industries, Inc. and Tim Frazier negligently, wilfully and/or wantonly supervised, planned or failed to conduct necessary work on the brakes causing Plaintiffs' injuries and death. Said negligence, willfulness, wantonness included, but is not limited to the following:

    a.    failure to properly supervise the work site;

    b.    failure to properly maintain the brakes, braking components and braking system;

    c.    failure to properly plan for a safe method of checking that equipment was functioning properly;

    d.    failure to properly and adequately maintain and provide safety protocol regarding the brakes, braking components and braking system;

    e.    negligently and wantonly failing to establish proper and adequate safety planning for the work being done under the known and foreseeable conditions.

    f.    negligently, wilfully and wantonly failing to conduct required and necessary maintenance.

30.     As a proximate result of said Defendants' negligent, willful and wanton acts and conduct on the occasion of the accident made the basis of this lawsuit, Plaintiff was caused to suffer immediate death.

31.     Plaintiffs aver that the Defendants aforesaid negligent, willful and

wanton acts caused or contributed the injuries suffered by the Plaintiff as set out herein above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs claim that said Defendants are liable as a result of the wrongful conduct of each said Defendant as previously set out and demands judgment for all damages allowable by law, including but not limited to compensatory and punitive damages to be determined by a jury. Plaintiffs demand judgment against all Defendants in such amount as a jury may determine.

## VI.   COUNT TWO: (Failure to Warn)

32.   Plaintiffs adopt and reallege previous paragraphs, as if each said paragraph were set forth, in its entirety, verbatim.

33.   Plaintiffs further allege that Defendants McGriff Transportation, Inc., McGriff Industries, Inc. and Tim Frazier did negligently, wilfully or wantonly fail to provide adequate warnings to Murphy of the unreasonably dangerous condition of the brakes, braking components and braking system as set out above.

34.   The Defendants knew, or in the exercise of reasonable care should have known, of the said defective nature and dangerous propensities and were under a duty to warn potential users, including Sean Murphy, of this danger.

35.   Knowing that maintenance and/or repairs, were needed on the brakes,

Defendants still allowed Sean Murphy to drive the truck, pick up the trailer and pick up a load of cotton that weighed more than the safe weights for a truck of this size and for a truck and trailer with improperly maintained brakes.

36.    The foregoing wrongful conduct of said Defendants was the proximate cause of the Plaintiff's decedent's death as set out herein above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs claim that said Defendants are liable as a result of the wrongful conduct of each said Defendant as previously set out and demands judgment for all damages allowable by law, including but not limited to compensatory and punitive damages to be determined by a jury. Plaintiffs demand judgment against all Defendants in such amount as a jury may determine.

## VII.  **COUNT THREE: (Co-Employee Liability)**

37.    Plaintiffs adopt and reallege previous paragraphs, as if each said paragraph were set forth, in its entirety, verbatim.

38.    In the Alternative, if Alabama's Workers Compensation statute is found to be applicable, Plaintiffs further allege and aver that Defendant Tim Frazier, McGriff Transportation, Inc. and McGriff Industries, Inc. acted willfully as defined by Ala. Code § 25-5-11 by willfully intending to injure the Plaintiff and by willfully removing and/or failing to maintain proper safety devices, including but not limited

to the use of proper braking systems to use and maintain the brakes and failure to follow manufacturer specifications and failed to maintain or repair the brakes.

39.     Plaintiffs allege and aver that this willful conduct as defined under Ala. Code § 25-5-11 proximately caused the decedents death.

40.     Plaintiffs aver that the Defendants aforesaid willful acts or conduct combined and concurred to cause or contributed the injuries suffered by the Plaintiffs as set out herein above.

41.     Plaintiffs claim that said Defendants are jointly, separately and severally liable as a result of the combining and concurring wrongful conduct of each Defendant as set out herein above.  The foregoing conduct of each said Defendant combined and concurred to cause the injuries which Plaintiffs have suffered.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs claim that said named and fictitious Defendants are jointly, separately and severally liable as a result of the combining and concurring wrongful conduct of each said Defendant as previously set out and demands judgment for compensatory and punitive damages, in such amount as a jury may find appropriate under the circumstances of this case for the purposes allowed by law.

**VIII.**        **COUNT FOUR: Outrage and Intentional Infliction of Emotional Distress**

42.    Plaintiffs adopt and reallege previous paragraphs, as if each said paragraph were  set forth, in its entirety, verbatim.

43.    This claim is brought against McGriff Transportation, Inc. and McGriff Industries, Inc.  (hereinafter "McGriff").

44.    On or about June 16, 2010, McGriff Transportation and McGriff Industries, Inc., filed a Complaint for Declaratory Judgment against The Estate of Sean Murphy in the Circuit Court of Cullman County.

45.    The intent of the Declaratory Judgment filed by  McGriff was to deny workers compensation benefits to the Estate of Sean Murphy based on allegations that Sean Murphy had substantially deviated from his assigned delivery route and was therefore was not in the line and scope of his employment when he was in the accident.

46.    Defendant McGriff has made itself a third party be declaring that Murphy was outside the line and scope of his employment.

47.    McGriff was acting as a self-insured company when making its determination regarding whether to pay benefits to Plaintiffs.

48.    McGriff had no reasonable basis to deny worker's compensation benefits to the Estate of Sean Murphy and the purpose and intent of the denial of benefits was to deny the Plaintiffs benefits they were entitled to under law.

49.     Upon information and belief, Defendants have acted in an outrageous manner by intentionally and deliberately withholding worker's compensation funds with no reasonable basis in an attempt to cause known and foreseeable extreme mental anguish and damages to Plaintiffs.

50.     The actions of Defendants' to deny benefits to Plaintiffs are so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

51.     The emotional distress caused by Defendants' conduct is so severe that Plaintiffs, as reasonable people, should not be expected to endure.

52.     As a proximate consequence of Defendants' outrageous conduct, Plaintiff's have been injured and is entitled to recover damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs claim that said named and fictitious Defendants are jointly, separately and severally liable as a result of the combining and concurring wrongful conduct of each said Defendant as previously set out and demands judgment for compensatory and punitive damages, in such amount as a jury may find appropriate under the circumstances of this case for the purposes allowed by law.

## VIII.  **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs respectfully pray that this Court assume

jurisdiction of this action and after trial:

Enter an Order requiring the Defendants to make the Plaintiffs whole by

awarding them damages for pain and suffering, emotional distress, loss of wages and

lost benefits, all damages allowed by law, including compensatory and punitive

damages.

Respectfully submitted, this the ___12th___ day of ___August___, 2011.


_/s/ Joshua D. Wilson___
Joshua D. Wilson
ASB 3398-J73W


**OF COUNSEL**:
Dennis G. Pantazis
Craig L. Lowell
Joshua D. Wilson
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: 205-314-0500
Fax:    205-254-1500

## **JURY DEMAND**

**Plaintiffs demand trial by struck jury.**

/s/ Joshua D. Wilson
OF COUNSEL

**NOTE TO CLERK OF COURT:**

Plaintiff will serve this Second Amended Complaint to Defendants by Certified Mail as follows:

McGriff Transportation, Inc.
86 Walnut Street
Cullman, AL 35055

McGriff Industries, Inc.
86 Walnut Street
Cullman, AL 35055

Tim Frazier
McGriff Transportation, Inc.
86 Walnut Street
Cullman, AL 35055

15