# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THERESA MURPHY, et. al., } | |
| } | |
| Plaintiffs, } | |
| v. } | Case No.: 2:11-CV-02754-RDP |
| } | |
| MCGRIFF TRANSPORTATION, INC., } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

This matter is before the court on Defendants' Motion for Summary Judgment (Doc. # 28). The Motion has been fully briefed, and on June 29, 2012, the court heard argument on the statute of limitations issue raised in Defendants' Motion.

**I.    FACTS**

Sean Murphy, deceased, was an employee of Defendant McGriff Transportation, Inc. as a commercial truck driver. On August 5, 2009, at 2:10 p.m., while traveling northbound down Ochs Highway, on the Tennessee side of Lookout Mountain, Murphy was involved in a motor vehicle accident when the truck he was driving left the roadway and rolled off the side of a mountain near Chattanooga, Tennessee. As a result of the accident, Sean Murphy was declared dead at the scene.[1]

On August 2, 2011, the Plaintiffs filed a Complaint in the United States District Court for the Northern District of Alabama. The question before this court is whether the one-year Tennessee

---

[1] The Alabama Court of Civil Appeals has affirmed the judgment of the Circuit Court of Cullman County, Alabama that the Estate of Sean Murphy, deceased, was not entitled to benefits under Alabama's Worker's Compensation Act. A Petition for Writ of Certiorari to the Alabama Supreme court on this issue has been denied.

statute of limitations or the two-year Alabama statute of limitations applies to Plaintiffs' wrongful death claims.

## II.   DISCUSSION

A federal court sitting in diversity applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941). In Alabama, the traditional choice of law rule of *lex loci delicti* governs tort causes of action and requires that the substantive law of the place where the tort occurred must be employed, while procedural law of the forum state is to be applied. *Alabama Great So. R.R. v. Carroll*, 97 Ala. 126, 11 So. 803 (1892). Accordingly, this court must apply the procedural rules of Alabama, but the substantive law of Tennessee. Therefore, the question becomes how Alabama regards Tennessee's particular statute of limitations – *i.e.*, is it procedural or substantive.

It is generally recognized in Alabama that statutes of limitations are procedural. However, an overview of Alabama case law demonstrates that the issue here is not so straight forward. In *Battles v. Pierson Chevrolet, Inc.*, 290 Ala. 98, 274 So.2d 281 (1973), the Supreme Court of Alabama stated that the statute of limitations of the forum state controls, unless the accident occurred and the cause of action arose in a jurisdiction which has a so-called "built-in" statute of limitations. In such a case, an Alabama court will apply the statute of limitations of the foreign state where the "limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself." *Department of Revenue v. Lindsey*, 343 So.2d 535, 537 (Ala. Civ. App. 1978). In *Bodnar v. Piper Aircraft Corp.*, 392 So.2d 1161 (Ala.1981), the Alabama Supreme Court muddied the water by holding that the Alabama trial court in that case must apply the statute of limitations of Georgia, the state in which an alleged wrongful death had occurred, because the

Georgia limitations period was a matter of Georgia "public policy," even though Georgia's wrongful death statute did not have a "built-in" limitations period.

In *Sanders v. Liberty National Life Ins. Co.*, 443 So.2d 909 (Ala.1983), the Alabama Supreme Court explained this concept as follows: "In other words, the limitation[s period] must be found to be a part of the 'public policy' of the foreign state." *Id.* at 912. That is, where the foreign state has a "public policy" against allowing a plaintiff to bring suit after a certain period of time has elapsed, then the limitations period of the foreign state is considered to be substantive rather than procedural. And in such a case, the foreign state's limitations period would apply rather than Alabama's.

Under Tennessee law, while there is no specific statute of limitations contained within Tennessee's wrongful death statutes, Tennessee "courts have uniformly applied the one-year statute of limitations contained in § 28-3-104 governing actions for personal injuries to actions for wrongful death." *Collier v. Memphis Light, Gas & Water Div.*, 657 S.W.2d 771, 774 (Tenn. Ct. App. 1983).

In *McDaniel v. Mulvihill*, 263 S.W.2d 759, 762 (Tenn. 1953), the Tennessee Supreme Court stated that "the Tennessee General Assembly has declared its public policy to be that an action for such a death be instituted within one year." The court further stated, "Every nation or state must have the right to settle the time within which suits must be brought or may be litigated in its own courts." *McDaniel*, 263 S.W.2d at 762 (citing *Gassaway v. Hopkins*, 38 Tenn. 583, 592 (1858)).

Plaintiffs seek to discount *McDaniel* because that court had before it a prior version of the statute of limitations at issue here, not the current version. This court concludes that distinction is without merit. More recently, in *Wyatt v. A-Best Co.,Inc.*, 910 S.W.2d 851, 855 (Tenn. 1995), the Tennessee Supreme Court cited *Spence v. Miles Laboratories, Inc.*, 810 F.Supp. 952, 963 (E.D.

Tenn. 1992) with approval where it noted that the Tennessee statute of limitations at issue was the public policy of the state. Admittedly, *Spence* addressed a different statute of limitations. But the *Wyatt* court addressed the statute at issue here: Tenn.Code Ann. § 28–3–104 (1995). The *Wyatt* court reiterated that, "statutes of limitations and repose represent 'public policy which affords plaintiffs what the legislature deems to be a reasonable time to present their claims; and it protects defendant and the courts from having to deal with stale cases where the search for the truth and justice may be seriously impeded by the death or disappearance of witnesses, fading memories, disappearance of documents or other loss of material evidence.'"

Thus, although the one-year Tennessee statute of limitations is not "built-in" to the wrongful death statute, Tennessee courts have stated that such statutes are part of the public policy of that state. Therefore, this court must conclude that the one-year statute of limitations is considered substantive by the state of Tennessee and that it must be applied in this case.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's wrongful death claims are barred by Tennessee's one-year statute of limitations, and Defendants' Motion for Summary Judgment (Doc. # 28) is due to be granted.

**DONE** and **ORDERED** this ___15th___ day of August, 2012.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE